IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANAIS ORTIZ, as Independent Administrator of )
the Estate of Antonio Fierro, deceased, )
)
      Plaintiff, ) No. 13 C 7626
  v. )
) Judge Robert W. Gettleman
UNITED STATES OF AMERICA, and VHS )
WEST SUBURBAN MEDICAL CENTER, INC., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Anais Ortiz, as Independent Administrator of the Estate of Antonio Fierro, her deceased minor son, sued defendants the United States[1] and VHS West Suburban Medical Center, Inc. for medical negligence. Plaintiff alleges that defendants were negligent in providing care related to the delivery of her son, who died nine days after birth. VHS West Suburban Medical Center, Inc. ("defendant") has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count II of plaintiff's complaint, the only claim against defendant, for failure to state a claim upon which relief can be granted. In the alternative, defendant has moved pursuant to Fed. Civ. P. 12(f) to strike allegations of institutional negligence and of negligence by unidentified nurses and physicians. In the further alternative, defendant has moved pursuant to Fed. R. Civ. P. 12(e) for a more definitive statement of the allegations concerning the unidentified nurses and

---

[1] Plaintiff initially filed suit in state court against four defendants: VHS West Suburban Medical Center, Inc.; another health care facility; and two doctors. Under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., the case was removed to federal court and the United States was substituted for the latter three defendants. Plaintiff voluntarily dismissed that case and then filled the instant action.

physicians. For the reasons stated below, defendant's motion to dismiss is granted without prejudice.

## BACKGROUND[2]

On December 6, 2011, plaintiff presented to defendant's Labor and Delivery unit with ruptured membranes. The following morning, plaintiff was started on low dose Pitocin, and an epidural was inserted several hours later. That evening, Doctor Christine Swartz performed a cesarean section on plaintiff and noted that she sustained uterine rupture and severe blood loss. Plaintiff gave birth to her son, Antonio Fierro, who did not appear to have a pulse and required resuscitation. Fierro was transferred to Children's Memorial Hospital where an MRI revealed hypoxic-ischemic injury. Fierro died several days thereafter.

## DISCUSSION

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. Shlahtichman v. 1-800 Contacts, Inc., 2009 WL 4506535, at *1 (N.D. Ill. Dec. 2, 2009). In ruling on such a motion, all well-pleaded facts in the complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a plausible claim "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Ultimately, making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

---

[2] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Illinois law requires that a medical malpractice complaint be accompanied by a certificate stating that a qualified, licensed physician has reviewed the case and determined in a written report that the lawsuit is reasonable and meritorious. 735 ILCS 5/2-622 (a)(1); see also Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000) (discussing the requirements under § 622). The written report must also be attached to the complaint and clearly identify "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists[.]" 735 ILCS 5/2-622 (a)(1). The failure to satisfy these statutory provisions requires mandatory dismissal. 735 ILCS 5/2-622 (g); Sherrod, 223 F.3d at 613.

In filing this case, plaintiff attached to her complaint a report required by 735 ILCS 5/2-622 ("§ 622"). The first paragraph of the report states the qualifications of the reviewing doctor. The second and third paragraphs explain that the report is based on medical records and describes the events that transpired when plaintiff presented at defendant's facility. The fourth paragraph asserts generally that defendant was negligent and briefly states five acts or omissions. The fifth and sixth paragraphs declare in a conclusory manner that defendant's negligence proximately caused both plaintiff's injury and Fierro's death, and that the reviewing doctor believes the instant case to be reasonable and meritorious.

Defendant argues that Count Two should be dismissed because plaintiff's allegations of institutional negligence are unsupported by the § 622 report, and the report fails to comply with the requirements of § 622. Specifically, defendant argues that plaintiff's report relies on vague, generalized assertions that fail to either describe conduct consistent with institutional negligence or identify most of the treating nurses and physicians. In response, plaintiff first argues that § 622 is a state pleading rule which does not apply in federal court. Plaintiff cites two cases in

3

support her position. In each case, the court called § 622 a "state pleading rule" and refused to dismiss claims for non-compliance with § 622. Threlkeld v. White Castle Sys., Inc., 127 F. Supp. 2d 986, 991 (N.D. Ill. 2001); Cunningham v. Sandhal, 1998 WL 157415, at *3 (N.D. Ill. 1998). The court finds the reasoning of these cases unpersuasive and disagrees with the characterization of § 622 as an inapplicable state pleading rule. See Chapman v. Chandra, 2007 WL 1655799, at *4 (S.D. Ill. June 5, 2007) (asserting that the Cunningham court engaged in "little to no analysis" on this question).

Further, "[t]he vast majority of Illinois federal courts to consider this question . . . have decided in favor of applying the statute." Id. at *3. See also Fleming v. Livingston Cnty., Ill., 2009 WL 596054 (C.D. Ill. Mar. 4, 2009) (noting that "many district judges in the Seventh Circuit have treated [§ 622] as a substantive provision of Illinois law"). Seventh Circuit precedent compels the conclusion that § 622 applies in federal court. See Williams v. Erickson, 2013 WL 5548837, at *2 (N.D. Ill. Oct. 8, 2013) (explaining that the Seventh Circuit has repeatedly held that a "very similar" Indiana statute applies in federal cases); Chapman, 2007 WL 1655799, at *3 (stating that the Seventh Circuit has already "implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts"). Even if Seventh Circuit precedent was not so clear, this court would still agree with the thorough Erie analysis conducted by Judge Dow in Warren ex rel. Warren v. Dart, 2010 WL 4883923 (N.D. Ill. Nov. 24, 2010). Judge Dow noted that a rule is "almost certainly substantive law" when it is "limited to a particular area of law and motivated by concerns about the potential impact on primary behavior (here, [e.g.,] medical treatment) of making it too easy for plaintiffs to win a particular case." Id. at *10 (quoting Murrey v. United States, 73 F.3d 1448, 1456 (7th

4

Cir. 1996)). Judge Dow then found that § 622 was a substantive rule that applied in federal court because the statute is limited to medical malpractice cases and was enacted to limit frivolous lawsuits. Id. Given Seventh Circuit precedent and Judge Dow's sound reasoning, this court concludes that § 622 is a substantive requirement that applies in federal court.

Plaintiff next contends that the § 622 report, read in conjunction with the complaint, is sufficient under Fed. R. Civ. P. 8(a)(2) because the report placed defendant on notice of her claim. This argument is premised on a basic misunderstanding of § 622. Section 622 creates an additional, separate requirement that is unrelated to the federal notice pleading standard for complaints. See Chapman, 2007 WL 1655799, at *4 (explaining that the § 622 requirement does "not enlarge" pleading requirements). In fact, no allegation in a complaint can satisfy § 622. See Hahn v. Walsh, 686 F. Supp. 2d 829, 831 (C.D. Ill. 2010) (quoting two earlier orders—one from the magistrate judge and one from the district judge—which both explained that § 2-622(a)(3), which describes the required contents for an affidavit where necessary records have not been produced, cannot be satisfied by allegations in the complaint). Therefore, plaintiff's § 622 report must comply with the requirements of the Illinois statute, not Rule 8's notice pleading standard. Id.

The remaining issue is whether plaintiff's § 622 report is sufficient under Illinois law. Plaintiff is correct to note that she need not identify every non-defendant medical professional who engaged in negligent conduct. See Sherrod, 223 F.3d at 614 (finding a report, while "borderline," was "not wholly insufficient" where it relied on general references to the nursing and medical staff and mentioned by name only one medical director and two hospitals). A report is still insufficient, though, where it relies on general conclusions of malpractice. Jacobs v. Rush

5

N. Shore Med. Ctr., 673 N.E.2d 364, 367 (Ill. App. Ct. 1996) (quoting Moss v. Gibbons, 546, N.E.2d 125, 128 (Ill. App. Ct. 1989)). Instead, the report must describe both the deficiencies in medical care that gave rise to plaintiff's claim and the reviewing professional's reasoning. Maldonado v. Sinai Med. Grp., Inc., 2008 WL 161671, at *4 (N.D. Ill. Jan. 16, 2008). Further, the report must state either the standard of care or an appropriate alterative course of treatment. Hull v. S. Illinois Hosp. Servs., 826 N.E.2d 930, 935 (Ill. App. Ct. 2005). In the latter instance, the report must also explain how, rather than merely assert that, plaintiff's condition could have been improved by the alternative conduct. Tucker v. St. James Hosp., 665 N.E.2d 392, 396 (Ill. App. Ct. 1996).

The instant report fails to describe what conduct was deficient, why the conduct was deficient, and what alternative conduct might have been appropriate. The report does not detail the conduct underlying even one act or omission. The report states, for example, that defendant "failed to sufficiently and timely evaluate" plaintiff, but it does not describe a single evaluation that plaintiff did or did not undergo. The report also lacks any reasoning that explains why the acts or omissions were negligent. Paragraph four simply declares that defendant was "careless and negligent" and lists the five allegedly negligent failures. Finally, the report does not even attempt to articulate the standard of care or describe an alternative course of treatment. Because plaintiff's § 622 report fails to comply with the statutory requirements, Count II of the complaint is dismissed. 735 ILCS 5/2-622(g); Hahn, 686 F. Supp. 2d. at 831.

Count Two is also inadequately pled because the allegations of institutional negligence in the complaint are not supported by the § 622 report. Although plaintiff's complaint lists ten negligent failures in paragraph thirty-one of Count II as the bases for liability, the § 622 report

repeats only five of the negligent acts or omissions. The five alleged failures that are not mentioned in the report included all three of the allegations of institutional negligence in subparagraphs (g)-(i). Plaintiff's § 622 report therefore fails to support any claims of institutional negligence against defendant in Count Two.

The decision to dismiss with or without prejudice is discretionary. <u>Sherrod</u>, 223 F.3d at 614. As plaintiff notes, § 622 is liberally construed to not impair substantive rights where a plaintiff fails to comply strictly with the statute. <u>Hahn</u>, 686 F. Supp. 2d at 831. Failure to attach a certificate and report and technical or other minor errors in the certificate or report usually merit a dismissal without prejudice. <u>Sherrod</u>, 223 F.3d at 614 A dismissal without prejudice is even appropriate where the § 622 report fails to identify the reasons for the reviewing professional's determination of merit. <u>Apa v. Rotman</u>, 680 N.E.2d 801, 804 (Ill. App. Ct. 1997). In the instant case, plaintiff's report failed to comply with the substantive requirements of § 622, but it did not necessarily indicate a meritless claim. Therefore, Count II is dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted without prejudice. The status date of February 28, 2014 is stricken, and plaintiff is given leave to file an amended complaint, with an adequate § 622 report, on or before March 17, 2014. Defendant shall file its responsive pleading on or before April 11, 2014. The parties are directed to file a joint status

report using this court's form on or before April 15, 2014. This matter is set for a status hearing on April 22, 2014, at 9:00 a.m.

**ENTER:     February 19, 2014**

_____
**Robert W. Gettleman
United States District Judge**